## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IN RE: MOTION TO COMPEL COMPLIANCE OF SUBPOENA ISSUED TO ROD L. WHEELER** | § § § § § | **Miscellaneous Action No.** |
| | § § | Case: 1:19-mc-00175 |
| **Underlying case pending in the Eastern District of Texas:** | § § § | Assigned To : Bates, John D. Assign. Date : 10/15/2019 Description: Misc. |
| **ED BUTOWSKY,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO.** |
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI,** | § § § § § § | **4:18-CV-00442-ALM** |
| **Defendants.** | § § | |

---

## MOTION TO COMPEL ROD WHEELER TO COMPLY WITH SUBPOENA AND FOR AN ORDER TO SHOW CAUSE

---

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively, "Movants" or "NPR Defendants") respectfully move this Court to compel non-party Rod Wheeler to comply with the Rule 45 subpoena properly served upon him to produce documents relevant to *Butowsky v. Folkenflik*, Civil Action No. 4:18-cv-0442-ALM (E.D. Tex. June 21, 2018), pending before the United States District Court in the Eastern District of Texas.

Pursuant to Local Civil Rule 7(m), Movants conferred with opposing counsel in the underlying action pending in the Eastern District of Texas to determine whether there is any

opposition to the relief sought and, if there is, to narrow the areas of disagreement. Plaintiff Ed

Butowsky does not oppose the Motion.


DATED: October 15, 2019                   Respectfully Submitted,

                                          By:  /s/ Laura Lee Prather
                                          Laura Lee Prather
                                          DC State Bar No. 502044
                                          TX State Bar No. 16234200
                                          laura.prather@haynesboone.com
                                          Wesley D. Lewis
                                          State Bar No. 24106204
                                          wesley.lewis@haynesboone.com
                                          HAYNES AND BOONE, LLP
                                          600 Congress Avenue, Suite 1300
                                          Austin, Texas 78701
                                          Telephone:     (512) 867-8400
                                          Telecopier:    (512) 867-8470


                                          *Attorneys for Defendants*


**MOTION TO COMPEL ROD WHEELER TO COMPLY WITH SUBPOENA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE: MOTION TO COMPEL COMPLIANCE OF SUBPOENA ISSUED TO ROD L. WHEELER** | § § § § § | **Miscellaneous Action No.** |
| **Underlying case pending in the Eastern District of Texas:** | § § § § | |
| **ED BUTOWSKY,** | § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.** |
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI,** | § § § § § § | **4:18-CV-00442-ALM** |
| **Defendants.** | § § | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ROD WHEELER TO COMPLY WITH SUBPOENA AND FOR AN ORDER TO SHOW CAUSE**

---

David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively, "Movants" or "NPR Defendants") submit this memorandum and the accompanying Declaration of Laura Lee Prather ("Prather Decl.") in support of their Motion to Compel Rod Wheeler to Comply with Subpoena and for an Order to Show Cause.

## I.
## FACTUAL BACKGROUND

In the lawsuit underlying Movants' instant Motion to Compel, Plaintiff Ed Butowsky ("Plaintiff" or "Butowsky") filed suit against the NPR Defendants, asserting claims for defamation, business disparagement, and civil conspiracy. *See* Am. Compl., Dkt. 54, *Butowsky v.*

*Folkenflik*, Case No. 1:18-cv-00442-ALM (E.D. Tex. Mar. 5, 2019) ("Amended Complaint"). These claims arise from NPR Defendants' reporting on a lawsuit that non-party Rod Wheeler ("Wheeler") filed on August 1, 2017. In that lawsuit, Wheeler, a former Fox News contributor, alleged that Butowsky, Fox News, and Malia Zimmerman ("Zimmerman"), a Fox News Reporter, defamed him by knowingly misquoting him to advance a political agenda. *See* Complaint, *Wheeler v. Twenty-First Century Fox, Inc.,* Case No. 1:17-cv-05807 (S.D.N.Y. Aug. 1, 2017) (the "Wheeler Complaint").

In the Wheeler Complaint, Wheeler alleged that Butowsky deliberately orchestrated the creation of a false news story for President Trump's political benefit, coordinating with administration officials to distract the public with conspiracy theories. The Wheeler Complaint described, in detail, Butowsky's behind-the-scenes maneuvering to sensationalize the murder of Seth Rich to achieve his political ends. Wheeler Compl. ¶ 4. The lawsuit further alleged, *inter alia*, that Butowsky played a key role in the creation of a now-retracted Fox News story (the "Zimmerman Report"), including by fabricating quotations attributed to Wheeler, in order to "establish that Seth Rich provided WikiLeaks with the DNC emails to shift the blame from Russia." Wheeler Compl. ¶¶ 2-3; 15. The Wheeler Complaint further alleged that Butowsky, Fox News, and Zimmerman "issued, approved, endorsed, and/or ratified defamatory statements about [Wheeler]." Wheeler Compl. ¶ 115.

After Wheeler filed his lawsuit against Butowsky, Fox News, and Zimmerman, NPR Defendants reported on the Wheeler Complaint and the allegations contained therein. In response, Butowsky filed a lawsuit against the NPR Defendants for defamation, business disparagement, and civil conspiracy, alleging that Defendants—in concert with Wheeler's attorney, Douglas Wigdor—conspired to defame Butowsky. *See Butowsky v. Folkenflik*, No. 1:18-cv-00442-ALM

(E.D. Tex. June 21, 2018) ("*Folkenflik*"). Many of the allegedly defamatory statements at issue in *Folkenflik* were taken directly from the Wheeler Complaint.

As the plaintiff in the underlying lawsuit upon which NPR reported, Wheeler is central to this dispute. In the Wheeler Complaint, Wheeler made numerous statements about Butowsky and his involvement with Fox News and the retracted Zimmerman Report—statements that Butowsky now claims to be false and defamatory. Because of his central role in the controversy, Wheeler is almost certainly in possession of a substantial amount of documentary evidence directly relevant to Butowsky's claims against the NPR Defendants and NPR Defendants' defenses thereto. Indeed, the Wheeler Complaint itself is replete with quotations and references to relevant, non-privileged documents and communications that directly bear on Butowsky's claims against Defendants.

Furthermore, Wheeler has already produced documents responsive to a subpoena in a related matter that would almost certainly be responsive to Defendants' document requests in *Folkenflik*. *See* Notice by Aaron Rich re Order on Motion for Order to Show Cause, Dkt. 69, *Rich v. Butowsky*, Case No. 1:18-cv-00681-RJL (D.D.C. July 12, 2019).[1] In fact, Wheeler and his attorneys have publicly referred to the multitude of "audio . . . text messages . . . [and] email" that Wheeler reviewed and included in his lawsuit that would be responsive to NPR Defendants' document requests.[2]

In late July, Ms. Prather, lead counsel for NPR Defendants, spoke with Wheeler about discovery in the *Folkenflik* litigation. Prather Decl. ¶ 2. When NPR Defendants reached out, Wheeler requested that Defendants serve him with a subpoena commanding the production of

---

[1] Wheeler only produced these documents after Judge Richard Leon ordered that he show cause as to why he should not be held in contempt for failing to comply with the Rule 45 subpoena issued by the Plaintiff Aaron Rich in that litigation. Order, Dkt. 62, *Rich v. Butowsky*.

[2] *See Jeanne Christensen and Rod Wheeler Discuss Ed Butowsky, The White House on CNN with Chris Cuomo 8/3/17*, YOUTUBE.COM (Aug. 15, 2017), *available at* https://www.youtube.com/watch?v=d5L-NF6cDOo; *see also Wheeler: Fox News Lured Him Into Plot To Help Trump's White House | The Beat With Ari Melber*, YOUTUBE.COM (Aug. 1, 2017), *available at* https://www.youtube.com/watch?v=VFTdWAWrocQ.

documents that they were seeking in connection with the lawsuit, *id.*, and on August 1, 2019, Defendants issued a subpoena to Rod Wheeler, *id.* at ¶ 3; Ex. A. Wheeler did not respond or accept service. *Id.* at ¶ 3. Defendants retained a process server to effectuate service of the subpoena in person, but Wheeler repeatedly evaded service. *Id.* at ¶¶ 3-4.

Due to the delay caused by Wheeler's failure to accept service and evasion of in-person service, Defendants were forced to reissue a second subpoena with a revised date of compliance (the "Subpoena"). *Id.* at ¶ 5; Ex. B. Wheeler continued to evade service. *Id.* On or about August 20, 2019, Wheeler indicated that he would be willing to accept service of, and comply with, a subpoena. Defendants sent him a copy of the Subpoena that day and served him with a copy of it by a process server that next day. *Id.* at ¶¶ 6-7.

According to the terms of the Subpoena, Wheeler was required to produce documents at the Washington, D.C. office of Haynes and Boone, LLP on September 12, 2019 at 10:00 a.m. *Id.* at Ex. B. Counsel for NPR Defendants was present at that time, but Wheeler failed to appear and did not produce any documents in response to the Subpoena despite several attempts to contact him. *Id.* at ¶ 8. Wheeler also did not provide any objections or responses to the Subpoena. *Id.*

On October 2, 2019, counsel for NPR Defendants provided Wheeler with a draft of this Motion to Compel and advised him that this Motion would be filed on Friday, October 4, 2019 if he did not respond. *Id.* at ¶ 10. On Friday, October 4, 2019, counsel once again followed up by telephone and left Wheeler a voicemail requesting that he respond to the Subpoena. *Id.* That day, Wheeler returned Ms. Prather's call and left her a voicemail. In it, he agreed to produce documents responsive to the Subpoena over the weekend of October 5-6, 2019. *Id.* Wheeler requested that counsel provide him a way to electronically transfer the requested documents, because the file

sizes of many of them were too large to transmit by email. *Id.* Counsel provided him a link that would allow him to electronically transfer documents and files that same day. *Id.*

Despite his verbal commitment to do so, Wheeler has not produced any documents through the electronic link provided by counsel (or by any other means). *Id.* at ¶ 11.  Ms. Prather has attempted to contact Wheeler several times, but she has been unable to reach him. *Id.* On October 9, 2019, Ms. Prather sent Mr. Wheeler an email informing him of NPR Defendants' intention to file this Motion to Compel if no response was received by October 11, 2019. Ms. Prather followed up with two phone calls to Mr. Wheeler on October 10 and 11, 2019 with a detailed message about the need to comply with the subpoena. *Id.* He has not responded. *Id.*

## II.
## ARGUMENT

### A.    The Subpoena is proper and seeks relevant information.

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena duces tecum commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in [the nonparty's] possession, custody, or control…" FED. R. CIV. P. 45.   The Subpoena was also properly served. Federal Rule of Civil Procedure allows a party to serve a subpoena "at any place within the United States"; as shown by the Proof of Service annexed to the Prather Declaration, the Movants served Wheeler at his home in Upper Marlboro, Maryland, which is clearly within the United States.  *See* Prather Decl. ¶ 7; Ex. C (Proof of Service).  Furthermore, under Rule 45, a party may, "[a]t any time, on notice to the [subpoenaed nonparty], the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV.  P.  45. "The court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.*

When deciding a motion to compel compliance with a Rule 45 subpoena, "a court must consider first whether the discovery sought is relevant." *See In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013) (internal quotation marks and citations omitted). A discovery request is relevant if there is "*any* possibility that the information sought may be relevant to the claim or defense of any party." *Id.* (emphasis added); *see also Watts v. S.E.C.*, 482 F.3d 501, 507 (D.C. Cir. 2007). Parties in litigation may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense..." FED. R. CIV. P. 26(b)(1). This same standard applies to subpoenas served on non-parties. *In re Denture Cream,* 292 F.R.D. at 123.

There can be no doubt that the Subpoena seeks relevant information. Indeed, the Subpoena seeks information that bears directly on Butowsky's claims and Movant's defenses in *Folkenflik*. Specifically, the document requests seek information, relating to, *inter alia*: documents and communications referenced in the Wheeler Complaint; communications with Butowsky, Zimmerman, and others regarding the subject matter of the retracted Zimmerman Report; and documents and communications related to Wheeler's investigation of the murder of Seth Rich. *See* Prather Decl., Ex. B. The requested information is directly relevant to the claims at issue here: Butowsky's lawsuit against the NPR Defendants is based on their reporting on the allegations in the Wheeler lawsuit, and as a result, documents bearing on the truth or falsity of the allegedly defamatory allegations in the Wheeler Complaint are relevant for purposes of Defendants' defense of Butowsky's claim against them. Accordingly, NPR Defendants are plainly entitled to documents responsive to the requests in the Subpoena.

## B.   Wheeler waived his right to object.

By failing to respond to the Subpoena, Wheeler has waived his right to object to it. A party "resisting discovery" bears the burden of objecting to a subpoena and proving that the "documents requested are either unduly burdensome or privileged." *In re Denture Cream*, 292 F.R.D. at 123–

24 (internal quotation marks and citations omitted); Fed. R. Civ. P. 45(e)(1)(D). Objections to a Rule 45 subpoena to produce documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Failing to serve written objections within the established time frame "constitutes a waiver of such objections" except in very limited "unusual circumstances" inapplicable here. *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998) (citation omitted) (concluding that a third party waived objections when served 16 days after being served with subpoena).

Wheeler was personally served with the Subpoena on August 21, 2019. His deadline to object was September 4, 2019—14 days after the Subpoena was served.  Wheeler did not provide any objections, and therefore, according to the terms of the Subpoena, Wheeler was required to produce documents at the Washington, D.C. office of Haynes and Boone, LLP on September 12, 2019 at 10:00 a.m. *See* Prather Decl. ¶ 8; Ex. B.  Counsel for NPR Defendants traveled to Washington D.C. (at considerable expense) to meet Wheeler to collect documents, but Wheeler did not appear on September 12 despite multiple attempts to contact him. In fact, Wheeler has not responded in any way to the Subpoena, despite Defendants' repeated attempts to contact him. Not only has Wheeler never challenged the Wheeler Subpoena, he also previously expressed that he was amenable to producing documents in response to NPR Defendants' subpoena Prather Decl. ¶ 6. Wheeler has failed to respond to the Subpoena, nor has he offered any explanation of his failure to respond to Movants. Accordingly, he has waived his right to object to the Subpoena that requests documents directly relevant to this litigation. Accordingly, this Court should compel Wheeler to respond to the Subpoena.

## III.
## CONCLUSION

Movants have established a clear entitlement to documents responsive to the Subpoena.

Without any justification or excuse, Mr. Wheeler has failed to comply with the Subpoena, despite

being given ample opportunity to do so. For the foregoing reasons, Movants respectfully request

that this Court compel Wheeler to promptly produce documents responsive to the Defendants'

Rule 45 Subpoena to which they are entitled.


DATED: October 15, 2019                  Respectfully Submitted,

                                         By:  */s/ Laura Lee Prather*
                                         Laura Lee Prather
                                         DC State Bar No. 502044
                                         TX State Bar No. 16234200
                                         laura.prather@haynesboone.com
                                         Wesley D. Lewis
                                         State Bar No. 24106204
                                         wesley.lewis@haynesboone.com
                                         HAYNES AND BOONE, LLP
                                         600 Congress Avenue, Suite 1300
                                         Austin, Texas 78701
                                         Telephone:    (512) 867-8400
                                         Telecopier:   (512) 867-8470

                                         *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 15, 2019, a true and correct copy of the foregoing document was filed with the Clerk of the Court of the U.S. District Court of the District of Columbia.

A copy of the foregoing document was served by electronic mail to Rod Wheeler and by U.S. mail certified return receipt on nonparty Rod Wheeler at his home address of 14006 Silver Teal Way Upper Marlboro, Maryland 20744.

A copy of the foregoing document was served to all counsel of record for Plaintiff Ed Butowsky via email:

Ty Odell Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753
979-985-5289 (phone)
979-530-9523 (fax)
tyclevenger@yahoo.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
(804) 501-8272 (phone)
(202) 318-4098 (fax)
stevenbiss@earthlink.net

/s/ Laura Lee Prather
Laura Lee Prather

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE OF SUBPOENA ISSUED TO ROD L. WHEELER | §<br>§<br>§<br>§<br>§ | Miscellaneous Action No.<br><br>_____ |
| Underlying case pending in the Eastern District of Texas: | §<br>§<br>§ | |
| ED BUTOWSKY, | §<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. |
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, | §<br>§<br>§<br>§<br>§ | 4:18-CV-00442-ALM |
| Defendants. | §<br>§ | |

## DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ROD WHEELER TO COMPLY WITH SUBPOENA AND FOR AN ORDER TO SHOW CAUSE

I, Laura Lee Prather, hereby declare pursuant to 28 U.S.C. § 1746:

1.      I am a partner at the law firm of Haynes and Boone, LLP and lead counsel for Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") in the action captioned *Butowsky v. Folkenflik*, Case No. 4:18-cv-00442-ALM (E.D. Tex. June 21, 2018), pending in the United States District Court in the Eastern District of Texas (the "*Folkenflik* litigation"). I am fully competent to make this

declaration, and all of the facts set forth herein are based on my personal knowledge and are true and correct.

2.     I spoke to Mr. Wheeler in late July regarding discovery in the *Folkenflik* litigation. Mr. Wheeler is a third party who is centrally involved in the facts underlying that lawsuit; as a result, he is in possession of a significant amount of information relevant to the lawsuit. When I spoke to Mr. Wheeler about third-party discovery in this case, he requested that we serve him with a subpoena commanding the production of documents that Defendants were seeking in connection with the lawsuit.

3.     On August 1, 2019, Defendants issued a subpoena to Rod Wheeler, a true and correct copy of which is annexed hereto as Exhibit A. I emailed Mr. Wheeler a copy of the subpoena and requested that he accept service of the subpoena by email, but I did not receive any response to this request. After I did not hear back from Mr. Wheeler, I retained a process server to effectuate service of the subpoena in person.

4.     The process server I retained made several attempts to serve Mr. Wheeler, but Mr. Wheeler evaded service at every attempt.

5.     Due to the delay caused by Mr. Wheeler's evasion of service, Defendants reissued a second subpoena with a revised date of compliance, a true and correct copy of which is annexed hereto as Exhibit B. Once again, I retained a process server to attempt to serve Mr. Wheeler with the second subpoena, but the process server continued having difficulty serving Mr. Wheeler.

6.     On or about August 20, 2019, Mr. Wheeler called me. During that conversation, Mr. Wheeler indicated that he would be willing to respond to a subpoena, and he asked me to serve him a subpoena by mail. I sent him a copy of the subpoena that day by mail.

7.      The next day, on or about August 21, 2019, Mr. Wheeler was served by process server at his home in Upper Marlboro, Maryland. A true and correct copy of the proof of service is annexed hereto as Exhibit C.

8.      According to the terms of the subpoena, Mr. Wheeler was required to produce documents at the Washington, D.C. office of Haynes and Boone, LLP on September 12, 2019 at 10:00 a.m. I was present at the Washington D.C. office of Haynes and Boone, LLP on September 12, 2019 at 10:00 a.m., and Mr. Wheeler failed to appear and did not produce any documents in response to the subpoena.  Mr. Wheeler also did not provide any objections or responses to the subpoena.

9.      On September 12, 2019, after he failed to appear to produce the documents as required by the subpoena, I tried to contact Mr. Wheeler to inquire as to whether he would be producing the documents. Mr. Wheeler did not respond to my phone call. I left a voicemail requesting that he contact me, but he did not call me back.

10.      On October 2, 2019, I provided Mr. Wheeler with a draft of this Motion to Compel and advised Mr. Wheeler that Defendants would file the instant Motion on Friday, October 4, 2019 I did not hear from him. On Friday, October 4, 2019, I once again followed up by telephone and left Mr. Wheeler a voicemail requesting that he respond to the Subpoena. That day, Mr. Wheeler returned my call and left me a voicemail. In it, he agreed to produce documents responsive to the Subpoena over the weekend of October 5-6, 2019. Mr. Wheeler requested that we provide him a way to electronically transfer the requested documents, because the sizes of many of the responsive materials were too large to transmit by email. I forwarded him a link that would allow him to electronically transfer documents and files that same day.

11.     Mr. Wheeler has not produced any documents through the electronic link we provided (or by any other means). I have attempted to contact Mr. Wheeler several times, but I have been unable to reach him. On October 9, 2019, I sent Mr. Wheeler an email informing him of our intention to file this Motion to Compel if we did not receive any response from him by October 11, 2019. I followed up with two phone calls to Mr. Wheeler on October 10 and 11, 2019 with a detailed message about the need to comply with the subpoena. He has not responded.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 11th day of October, 2019 in Austin, Texas.

Laura Lee Prather

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | | |
|---|---|---|
| Ed Butowsky | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:18-CV-00442-ALM |
| David Folkenflik, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Roderic "Rod" Wheeler

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place: Haynes and Boone, LLP, 800 17th Street NW, Ste 500 Washington, D.C. 20006 | Date and Time: 08/15/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/1/19

| CLERK OF COURT | | OR |
|---|---|---|
| | | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    **Defendants** David Folkenflik, et al.,                                     , who issues or requests this subpoena, are:
Laura Prather, 600 Congress Ave, Ste. 1300, Austin, TX 78701, (512) 867-8400, laura.prather@haynesboone.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:18-CV-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO RODERIC "ROD" WHEELER**

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") the following documents, electronically stored information, or objects pursuant to Rule 45 of the Federal Rules of Civil Procedure, to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants").

**I.**
**INSTRUCTIONS**

1.     You are required to produce for inspection and copying true and correct copies of the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 800 17th Street NW, Suite 500, Washington, D.C. 20006.

2.     In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3.     If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4.     Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5.     These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

6.      If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

(a)      describe the nature of the document (*e.g.*, letter or memorandum);

(b)      state the date of the document;

(c)      identify the person(s) who sent and received the document and/or any copy thereof;

(d)      without revealing the privileged information, identify the subject matter of the document; and

(e)      state the specific privilege(s) you assert regarding the document.

7.      Unless otherwise specified, the time period for these requests is from **July 10, 2016** until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.      **You or Your** refers to Rod Wheeler, and each of your agents, representatives, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request.

2.      **Plaintiff or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

3.    **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

4.    The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version. The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Your custody if You have possession of the document or has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

5.    The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by You into reasonably usable form.

6.    The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

7.    The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

8.    The word **and** means **and/or**.

9.    The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10.     The term **Wheeler Complaint** refers to Plaintiff's Complaint in *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017.

11.     The term **Gottlieb Lawsuit** refers to *Butowsky v. Gottlieb, et al.,* Case No. 4:19-cv-00180, filed in the Eastern District of Texas on March 12, 2019.

12.     The terms **referring to, concerning, relating to,** or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENTS REQUESTED

Please produce the following documents, records, and information in your possession, custody, or control:

1.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, referenced in the Wheeler Complaint or relied on in drafting the Wheeler Complaint.

2.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Ed Butowsky on the other.

3.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Malia Zimmerman on the other.

4.     All non-privileged documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Douglas Wigdor (or any other partner, associate, or employee of Wigdor, LLP) on the other.

5.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and David Folkenflik on the other.

6.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any family member of the Rich family, including but not limited to Joel Rich, Mary Rich, and Aaron Rich, on the other.

7.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting your notes, work product or files pertaining to Your investigation of the murder of Seth Rich.

8.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding Seth Rich's connection to or communications with Julian Assange or WikiLeaks, directly or indirectly.

9.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Sean Spicer on the other.

10.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any former or current member of the Trump White House Cabinet or their current or former employees on the other relating to your investigation of the murder of Seth Rich.

11.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Marina Marraco on the other.

12.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Fox News, FOXNews.com, or any Fox network affiliate station including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

13. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and National Public Radio, Inc., including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

14. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding actual or potential on-air appearances by You on Fox News.

15. All employment, paid or unpaid contributor, or independent contractor agreements between You on the one hand, and any 21st Century Fox entity, including any of their subsidiaries, officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

16. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any writers, journalists, or bloggers regarding the murder of Seth Rich.

17. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications public statements or on-air appearances regarding Your investigation of the murder of Seth Rich.

18. All video recordings of You referring to or discussing the murder of Seth Rich.

19. All documents cited, referenced or displayed in any video recordings of You referring to or discussing the murder of Seth Rich.

20. All social media posts, including but not limited to posts on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, and Tumblr, discussing or referring to the murder of Seth Rich.

21. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding, constituting or reflecting communications between You on the one hand, and the Federal Bureau of Investigations on the other, regarding the murder of Seth Rich.

22. All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding, constituting or reflecting communications between You on the one hand, and the any former or present employee of the Washington D.C. Police Department on the other, regarding the murder of Seth Rich.

23. Documents sufficient to identify the date, amount, and source of all payments made to You in connection with Your investigation of the murder of Seth Rich on behalf of the Rich family.

24. All documents that You have produced or will produce in response to subpoenas and/or pdiscovery requests in the Gottlieb Lawsuit.

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | | |
|---|---|---|
| Ed Butowsky | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:18-CV-00442-ALM |
| David Folkenflik, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Roderic "Rod" Wheeler

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto

| Place: Haynes and Boone, LLP, 800 17th Street NW, Ste 500 Washington, D.C. 20006 | Date and Time: 09/12/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *August 15, 2019*

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
David Folkenflik, et al.,                                      , who issues or requests this subpoena, are:

Laura Prather, 600 Congress Ave, Ste. 1300, Austin, TX 78701, (512) 867-8400, laura.prather@haynesboone.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:18-CV-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO RODERIC "ROD" WHEELER

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") the following documents, electronically stored information, or objects pursuant to Rule 45 of the Federal Rules of Civil Procedure, to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants").

### I.
### INSTRUCTIONS

1.      You are required to produce for inspection and copying true and correct copies of the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 800 17th Street NW, Suite 500, Washington, D.C. 20006.

2.      In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3.      If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4.      Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5.      These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

6. If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

        (a)    describe the nature of the document (*e.g.*, letter or memorandum);

        (b)    state the date of the document;

        (c)    identify the person(s) who sent and received the document and/or any copy thereof;

        (d)    without revealing the privileged information, identify the subject matter of the document; and

        (e)    state the specific privilege(s) you assert regarding the document.

7. Unless otherwise specified, the time period for these requests is from **July 10, 2016** until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1. **You or Your** refers to Rod Wheeler, and each of your agents, representatives, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request.

2. **Plaintiff or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

3.      **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

4.      The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version. The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Your custody if You have possession of the document or has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

5.    The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by You into reasonably usable form.

6.    The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

7.    The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

8.    The word **and** means **and/or**.

9.    The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10.   The term **Wheeler Complaint** refers to Plaintiff's Complaint in *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017.

11.   The term **Gottlieb Lawsuit** refers to *Butowsky v. Gottlieb, et al.,* Case No. 4:19-cv-00180, filed in the Eastern District of Texas on March 12, 2019.

12.   The terms **referring to, concerning, relating to,** or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENTS REQUESTED

Please produce the following documents, records, and information in your possession, custody, or control:

1.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, referenced in the Wheeler Complaint or relied on in drafting the Wheeler Complaint.

2.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Ed Butowsky on the other.

3.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Malia Zimmerman on the other.

4.   All non-privileged documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Douglas Wigdor (or any other partner, associate, or employee of Wigdor, LLP) on the other.

5.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and David Folkenflik on the other.

6.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any family member of the Rich family, including but not limited to Joel Rich, Mary Rich, and Aaron Rich, on the other.

7.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting your notes, work product or files pertaining to Your investigation of the murder of Seth Rich.

8.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding Seth Rich's connection to or communications with Julian Assange or WikiLeaks, directly or indirectly.

9.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Sean Spicer on the other.

10.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any former or current member of the Trump White House Cabinet or their current or former employees on the other relating to your investigation of the murder of Seth Rich.

11.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Marina Marraco on the other.

12.   All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Fox News, FOXNews.com, or any Fox network affiliate station including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

13.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and National Public Radio, Inc., including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

14.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding actual or potential on-air appearances by You on Fox News.

15.     All employment, paid or unpaid contributor, or independent contractor agreements between You on the one hand, and any 21st Century Fox entity, including any of their subsidiaries, officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

16.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications between You on the one hand, and any writers, journalists, or bloggers regarding the murder of Seth Rich.

17.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, constituting or reflecting communications public statements or on-air appearances regarding Your investigation of the murder of Seth Rich.

18.     All video recordings of You referring to or discussing the murder of Seth Rich.

19.     All documents cited, referenced or displayed in any video recordings of You referring to or discussing the murder of Seth Rich.

20.     All social media posts, including but not limited to posts on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, and Tumblr, discussing or referring to the murder of Seth Rich.

21.     All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding, constituting or reflecting communications between You on the one hand, and the Federal Bureau of Investigations on the other, regarding the murder of Seth Rich.

22.  All documents, including correspondence, emails, video and audio recordings, voicemail, instant messages (including but not limited to Wickr, WhatsApp, Signal, Slack, Snapchat, or Facebook) and text messages, regarding, constituting or reflecting communications between You on the one hand, and the any former or present employee of the Washington D.C. Police Department on the other, regarding the murder of Seth Rich.

23.  Documents sufficient to identify the date, amount, and source of all payments made to You in connection with Your investigation of the murder of Seth Rich on behalf of the Rich family.

24.  All documents that You have produced or will produce in response to subpoenas and/or pdiscovery requests in the Gottlieb Lawsuit.

# EXHIBIT C

# AFFIDAVIT OF PROCESS SERVER

### United States District Court for the Eastern District of Texas

Ed Butowsky

      Plaintiff(s),

VS.

David Folkenflik, et al

      Defendant(s).

Attorney: Laura Prather

Haynes and Boone, LLP
600 Congress Ave., #1300
Austin TX 78701



*245191*

**Case Number: 4:18-CV-00442-ALM**

Legal documents received by Same Day Process Service, Inc. on 08/15/2019 at 4:34 PM to be served upon **Roderic "Rod" Wheeler at 14006 Silver Teal Way, Upper Marlboro, MD 20774**

I, **Loqua Wade**, swear and affirm that on **August 21, 2019 at 11:55 AM**, I did the following:

**Personally Served Roderic "Rod" Wheeler** the person listed as the intended recipient of the legal document with this **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Hearing and Date: 09-12-2019 at 10:00 am); Exhibit A at 14006 Silver Teal Way , Upper Marlboro, MD 20774.**

**Description of Person Accepting Service:**
Sex: Male Age: 50 Height: 5ft9in-6ft0in Weight: 161-200 lbs Skin Color: African-American Hair Color: Black

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Loqua Wade
Process Server

**Same Day Process Service, Inc.**
1413 K St., NW, 7th Floor
Washington DC 20005

(202)-398-4200

Internal Job ID:245191

District of Columbia: SS
Subscribed and Sworn to before me
this 27 day of August 2019

Michael Molash, Notary Public, D.C.
My commission expires July 14, 2022