UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: MOTION TO COMPEL
COMPLIANCE OF SUBPOENA ISSUED
TO ROD L. WHEELER

Misc. Action No. 19-175 (JDB)

**ORDER**

Before the Court is a motion to compel Rod Wheeler to comply with a subpoena, filed by David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (the "NPR defendants") in connection with the underlying case Butowsky v. Folkenflik, et al., Civ. Action No. 4:18-cv-00442-ALM (E.D. Tex. June 21, 2018). See Mot. to Compel Rod Wheeler to Comply with Subpoena & for an Order to Show Cause ("Mot. to Compel") [ECF No. 1]. In the underlying case, the NPR defendants are being sued by plaintiff Ed Butowsky for defamation, business disparagement, and civil conspiracy; the claims are all based on their news coverage about a separate lawsuit and the allegations therein. See Am. Compl., Dkt. 54, Butowsky, No. 4:18-cv-00442-ALM ("Butowsky Complaint"). That lawsuit, in turn, was filed by Wheeler against Butowsky and others. See Compl., Wheeler v. Twenty-First Century Fox, Inc., No. 1:17-cv-05807 (S.D.N.Y. Aug. 1, 2017) ("Wheeler Complaint"). The Wheeler Complaint alleges that Butowsky played a key role in creating a now-retracted Fox News story regarding the death of Democratic National Committee ("DNC") staffer Seth Rich and his supposed connections to Wikileaks in which Fox News allegedly fabricated quotations attributed to Wheeler and ultimately defamed Wheeler. Id. at ¶¶ 2–3, 15, 115.

It is the NPR defendants' reporting on both the Wheeler lawsuit and the Fox News story about Seth Rich's death that forms the basis of the claims in Butowsky. Butowsky's complaint

alleges that a story published by the NPR defendants, which reported that Butowsky had colluded with President Trump, members of his Administration, and Fox News with the intent of pushing out a false narrative that Seth Rich had leaked DNC emails to Wikileaks in the summer of 2016, was knowingly false and defamatory.  Butowsky Complaint ¶¶ 15–27.  Because Wheeler was directly involved in the events and conduct in the Wheeler lawsuit—which, again, alleges that Butowsky played a major role in creating the Fox News story—the NPR defendants requested that he provide them with relevant documents that they could use in their defense in Butowsky.  See Mot. to Compel, Decl. of Laura Lee Prather, ¶ 2.  Wheeler was unwilling to do so voluntarily and asked that the NPR defendants serve him with a subpoena.  Id. ¶ 2.  They issued a subpoena on August 1, 2019, but the process server had difficulty serving Wheeler.  Id. ¶¶ 3–4.  The NPR defendants then issued a second subpoena with a revised date of compliance, which after some additional difficulty was ultimately served on Wheeler on August 21, 2019.  Id. ¶¶ 5–7.  Wheeler failed to comply with the terms of the subpoena, and after an extended back-and-forth with the NPR defendants, during which he agreed to produce the documents, Wheeler failed to follow through and actually produce them.  Id. ¶¶ 8–11.  He did not file any objections to the subpoena. See id. ¶ 11.  The NPR defendants then filed this motion to compel.  The other party in Butowsky, Butowsky himself, does not oppose the motion. Mot. to Compel at 2.

      Federal Rule of Civil Procedure 45 allows parties to subpoena nonparties to "produce designated documents, electronically stored information, or tangible things in [the nonparty's] possession, custody, or control."  Fed. R. Civ. P. 45(a)(1).  The subpoenas may be served "at any place within the United States."  Fed. R. Civ. P. 45(b)(2).  As for the scope of discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1) (emphasis added); Fed. R. Civ. P. 45(d) advisory committee's

note to 1946 amendment (noting that discovery under Rule 45 has "the same scope as provided in Rule 26(b)").  If a person fails to comply with a subpoena, a party "may move the court for the district where compliance is required for an order compelling production."  Fed. R. Civ. P. 45(d)(2)(B)(i).  And in general, "the burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged."  In re Denture Cream Prod. Liab. Litig., 292 F.R.D. 120, 123 (D.D.C. 2013).

    Here, there is no question that Wheeler was properly served, see Mot. to Compel, Ex. C, or that this Court is in the district where compliance is required, see Mot. to Compel, Ex. B, at 1 (requiring Wheeler to produce documents in Washington, D.C.).  Nor is there a question that the documents requested are relevant.  The documents sought include, among other things, communications between Wheeler and those involved in the Fox News story, documents relating to Wheeler's investigation of Seth Rich's death, and papers and communications referenced in the Wheeler Complaint.  See Mot. to Compel, Ex. B, at 5–8.  These documents bear directly on the NPR defendants' defenses in Butowsky, including whether their reporting contained false and defamatory statements about Butowsky.  The subpoena, therefore, clearly meets the threshold test that a "request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  Hesco Bastion Ltd. v. Greenberg Traurig LLP, 2009 WL 5216932, at *4 (D.D.C. Dec. 23, 2009) (internal quotation marks omitted).  In any event, Wheeler failed to object to the subpoena at any point; he certainly did not do so "before the earlier of the time specified for compliance or 14 days after the subpoena is served," as required by Rule 45(d)(2)(B), thus waiving potential objections, see Alexander v. FBI, 186 F.R.D. 21, 33–34 (D.D.C. 1998).[1]

---

[1] Nor has Wheeler filed anything in this Court opposing the motion to compel.

The Court thus concludes that the subpoena is proper, that the documents sought are relevant, and that Wheeler has waived any objections.  Accordingly, it is hereby

**ORDERED** that the [1] motion to compel is **GRANTED**; and it is further

**ORDERED** that Rod Wheeler shall, by not later than January 10, 2020, produce all documents responsive to the subpoena that was served on him by the NPR defendants on August 21, 2019.

**SO ORDERED**.

/s/<br>JOHN D. BATES<br>United States District Judge

Dated: <u>January 3, 2020</u>